**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000481
25-SEP-2018
10:55 AM**

NO. CAAP-18-0000481

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HARDY K. AH PUCK, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0246)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiff-Appellant Hardy K. Ah Puck (Ah Puck) from civil circuit court case number 17-1-0246, the Honorable Rhonda I.L. Loo presiding, because the circuit court has not yet adjudicated any claims from Ah Puck's civil complaint against Defendant-Appellee State of Hawaiʻi, and, thus, the circuit court has not yet entered a final judgment. Ah Puck's June 8, 2018 notice of appeal refers only to the Honorable Peter T. Cahill's June 6, 2017 order in circuit court criminal case number 2PC121000560, in which the circuit court construed a document that Au Puck had submitted as a nonconforming petition pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40, and the circuit court ordered the circuit court clerk to file the document as a separate civil complaint pursuant to HRPP Rule 40(c)(3) (under which "the court

shall treat the pleading as a civil complaint not governed by this rule"), which, in turn, initiated the civil circuit court case number 17-1-0246 for which Ah Puck now seeks appellate review.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from civil circuit court final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Hawai'i Rules of Civil Procedure (HRCP) Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On August 21, 2018, the circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000481, which does not include any dispositive orders, nor does it include a final judgment. Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000481.

Granted, the Supreme Court of Hawai'i recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawai'i

Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, the holding in Waikiki is distinguishable from the instant case, because the circuit court in the instant case has not yet adjudicated any of Ah Puck's causes of action that are still pending before the circuit court. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable final judgment as to all claims and parties, Ah Puck's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000481 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000481 are dismissed as moot.

DATED: Honolulu, Hawai'i, September 25, 2018.

Presiding Judge

Associate Judge

Associate Judge

-3-